UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELIOMAR BARRETO COELHO,<br><br>    Petitioner,<br><br>v.<br><br>ANTONE MONIZ et al.,<br><br>    Respondents. | Civil No. 25-13873-LTS |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

December 22, 2025

SOROKIN, J.

    Eliomar Barreto Coelho, a citizen of Brazil who is in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. His petition is ALLOWED as described below.

    In September 2022, Barreto Coelho entered the United States without inspection. Doc. No. 1 ¶¶ 1, 15. He was stopped by border patrol but subsequently released on his own recognizance pursuant to documents that expressly invoked 8 U.S.C. § 1226. Id. ¶¶ 1, 16–17; Doc. No. 1-3. He has lived in the United States ever since, apparently complying with the law and the conditions of his release. See Doc. No. 1 ¶ 2. On December 15, 2025, Barreto Coelho was arrested by Immigration and Customs Enforcement officers at a routine check-in. Id. ¶¶ 2, 18. He remains detained.

    Two days after his arrest, Barreto Coelho instituted this action, attaching his release documents to his petition. Doc. Nos. 1, 1-3. His habeas petition raises a claim that is materially identical to those alleged by petitioners in other cases this Court has confronted over the past several months. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14,

2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16.  In an abbreviated memorandum answering the petition, the respondents "submit that the legal issues presented in the Petition are similar to those recently addressed by this Court" in Garcia and Encarnacion, and they acknowledge that the Court "would reach the same result here" if it "follow[ed] its reasoning" in those prior cases.  Doc. No. 7 at 1.  They incorporate their earlier briefing by reference and suggest no further argument is necessary before the Court renders a decision.  Id. at 1 & n.1.

The Court adheres to its prior reasoning—which has been applied by scores of judges nationwide in hundreds of cases to date—and concludes in light of the respondents' concession that Barreto Coelho is not subject to mandatory detention under 8 U.S.C. § 1225(b).  See Mem. & Order at 2, Orellana v. Moniz, No. 25-cv-12664-PBS (D. Mass. Dec. 19, 2025), ECF No. 112 (noting "most district courts [and only circuit court] to have addressed the issue" have rejected government's position); DeAndrade v. Moniz, No. 25-cv-12455-FDS, 2025 WL 2841844, at *6 (D. Mass. Oct. 7, 2025) (finding that if immigration authorities invoked mechanisms available under § 1226 rather than § 1225, they may not later "turn back the clock").  He is entitled to a bond hearing.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release the petitioner **by 6 PM on December 23, 2025**, unless he is provided a bond hearing under 8 U.S.C. § 1226(a) before that time;[1] 2) the respondents shall not retaliate against the petitioner in the context of the bond hearing or otherwise for filing this habeas

---

[1] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk.  Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021).

2

petition; and 3) the respondents shall file a status report no later than December 24, 2025, describing their compliance with this Order.

One issue warrants further consideration at this time. As noted, this Court and other District Judges here and elsewhere have rejected the legal position that underlies the government's decision to detain individuals like this petitioner without notice and without affording them a bond hearing "with a regularity bordering on the monotonous" over the past several months. United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993). This fact has led at least one other court to deem the government's position "not substantially justified" because it "does not and has never had a reasonable basis in statutory text, structure, or history," such that the petitioner was entitled to an award of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See Mem. Op. at 32–33, Barco Mercado, No. 25-cv-6582-LAK, ECF No. 28. In light of the foregoing, **if Barreto Coelho wishes to request an award of fees pursuant to the EAJA, he may do so by filing a motion in this Court within thirty days of this Order**. See 28 U.S.C. § 2412(d)(1)(B). Upon the filing of such a motion, the respondents will have fourteen days to respond to it.

                              SO ORDERED.

                              /s/ Leo T. Sorokin
                              United States District Judge